IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JONATHAN HEART BROWN,

    Plaintiff,

v.

RONNIE SHUEMAKE; JOSEPH HUTCHESON; and REGINALD FORD,

    Defendants.

CIVIL ACTION NO.: 6:12-cv-99

## ORDER

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated July 21, 2015. (Doc. 144.) After an independent and *de novo* review of the entire record, the Court **OVERRULES** Plaintiff's Objections, (doc. 146), concurs with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court, **GRANTS** Defendants' Motion for Summary Judgment, (doc. 134), **DISMISSES** Plaintiff's Complaint, and **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. Further, for the reasons set forth in the Magistrate Judge's Report and Recommendation, Plaintiff is **DENIED** leave to proceed *in forma pauperis* on appeal.

I.    **Background**

Plaintiff, who is currently housed at the Fulton County Jail in Atlanta, Georgia, filed this cause of action on October 25, 2012, contesting certain conditions of his confinement while incarcerated at Georgia State Prison in Reidsville, Georgia. (Doc. 1.) Plaintiff contended that Defendants failed to protect him from known risks to his safety on two occasions in

August 2012. Specifically, Plaintiff contended his cellmates were members of a gang, they threatened him, and one of his cellmates attacked him. Plaintiff asserted that on August 5, 2012, Dominique Jenkins, a cellmate, obtained a lock in a sock weapon from another unknown gang member, along with instructions to "smash" Plaintiff with this weapon. (Id. at p. 6.) Plaintiff averred he was able to get the weapon from Jenkins' possession before an assault occurred and turned it over to three prison officials and requested placement in protective custody.

Plaintiff maintained he remained in his same cell and received a new cellmate, Quavious Rumph, also a gang member. According to Plaintiff, Rumph had a history of assaulting other inmates, having been sentenced on August 8, 2012, to two additional years' imprisonment based on a felony assault conviction for assaulting another inmate. (Id. at p. 9.) Plaintiff asserted he informed two prison officials (neither of whom is a Defendant) that he was concerned for his safety and asked to be moved away from Rumph. Plaintiff stated Rumph attacked him from behind on August 21, 2012, and told Plaintiff the attack was "for [his] loc[k.]" (Id.) Plaintiff asserted he was able to get the attention of a correctional officer trainee, who looked into the cell and came back with a floor officer. Plaintiff also asserted the floor officer directed him and Rumph to stop what they were doing and brought Defendants to the cell. (Id. at p. 10.) Plaintiff stated he was holding Rumph's wrists by the time Defendants came to his cell, and Rumph was trying to get away from Plaintiff, yet Defendants "casually sat there and watched" through the tray flap for several minutes. (Id.)

Plaintiff alleged Defendant Shuemake finally ordered Rumph to stop what he was doing, and Plaintiff released Rumph. Plaintiff maintained he requested removal from the cell, but Defendants kept him in the cell with Rumph. Plaintiff also contended Rumph began assaulting him once more by punching him several times after the tray flap and window slider on the cell

2

door were closed. Plaintiff contended he and Rumph were sprayed with mace, and he immediately complied with Defendant Shuemake's directive to "cuff up" so that he could be taken to the medical unit. (Id. at p. 12.) According to Plaintiff, he received a lip laceration, a neck injury, and other trauma to his face and neck as a result of Rumph's attack.

Plaintiff's Complaint was served on Defendants based on Plaintiff's assertions that they were deliberately indifferent to his safety on August 5 and 21, 2012, and that Defendants failed to intervene in an altercation with another inmate on August 21, 2012. (Doc. 19.) Defendants moved for summary judgment based on their contentions that Plaintiff failed to state a claim against them and that they are entitled to qualified immunity. The Magistrate Judge recommended Defendants' Motion be granted and that Plaintiff's Complaint be dismissed. In response, Plaintiff filed Objections. (Doc. 146.)

## II. Discussion

The Magistrate Judge correctly set forth and applied the law pertinent to Defendants' Motion, and the Court need not recite that discussion at length here. Nevertheless, the Court addresses Plaintiff's Objections.

### A. Failure to Intervene Claim

In his Objections, Plaintiff avers that he has two witnesses—the correctional officer trainee and the floor officer—who can attest to calling an emergency code for assistance and escorting Defendants to Plaintiff's cell. (Doc. 146, p. 1.) In support of this averment, Plaintiff cites his Complaint and Defendants' depositions. Plaintiff contends Defendants, as well as the officer trainee and the floor officer, refused to intervene on his behalf when they arrived at the scene during the first fight. (Id.)

Plaintiff did not name the officer trainee or the floor officer as Defendants in this case, and the evidence before the Court indicates that these two individuals may have been in a position to witness some or all of the first altercation with Rumph. In contrast, the record reveals that Defendants were not in a position to intervene due to their arrival at Plaintiff's cell after the first altercation occurred. In addition, the Court notes Plaintiff's citation to witnesses and Defendants' depositions, yet he presents nothing to the Court indicating that the trainee or floor officer provided any evidence supportive of Plaintiff's contentions or that Defendants were deposed. Plaintiff was afforded the opportunity to engage in discovery. (Doc. 19, pp. 5–6.) The onus presented by Plaintiff's failure to present relevant, credible evidence supporting his opposition to Defendants' Motion falls to Plaintiff. Summary judgment is "the time to 'put up or shut up' rather than resting on bare allegations," and Plaintiff fails to present any evidence supporting his position that there exists a genuine dispute as to facts material to his failure to intervene claim. Wilson v. White, CV512-130, 2014 WL 3935293, at *4 (S.D. Ga. Aug. 14, 2014) (quoting Purser v. Donald, CV605-33, 2006 WL 2850428, at *4 (S.D. Ga. Sept. 28, 2006)). In short, Plaintiff has failed to overcome his burden as to his failure to intervene claim, and his Objections regarding this claim are **OVERRULED**.

**B.   Deliberate Indifference Claim**

Plaintiff also appears to object to the Magistrate Judge's conclusion that Plaintiff failed to establish genuine disputes as to facts material to his deliberate indifference claim against Defendants relating to the August 21, 2012 incident with Rumph. Plaintiff asserts that he was holding Rumph by his wrists at the time Defendant Shuemake opened the tray flap, and Plaintiff and Rumph were on the ground. According to Plaintiff, a "close analysis" of his assertions indicates an "explosion of violence a serious injury (sic)." (Doc. 146, p. 2.) Plaintiff maintains it

was unconstitutional for Defendants to stand by and walk away to allow Plaintiff and Rumph to continue their "struggle.".[1] (Id.)

Plaintiff offers nothing in his Objections beyond what he presented to the Magistrate Judge. The Court finds no reason to reject the findings of the Magistrate Judge on this issue, (doc. 144, pp. 10–11), and **OVERRULES** Plaintiff's Objection.

## III. Conclusion

Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, (doc. 146), are **OVERRULED**. The Magistrate Judge's Report and Recommendation, (doc. 144), as supplemented herein, is **ADOPTED** as the opinion of the Court. Defendants' Motion for Summary Judgment, (doc. 134), is **GRANTED** and Plaintiff's Complaint, as amended, (docs. 1, 6), is **DISMISSED**. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case. For the reasons set forth in the Magistrate Judge's Report and Recommendation, Plaintiff is **DENIED** *in forma pauperis* status on appeal.

**SO ORDERED**, this 26th day of August, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Plaintiff originally made these assertions in support of his failure to intervene claims.