# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

JOHNATHAN HEART BROWN,

      Plaintiff,

      v.

RONNIE SHUEMAKE; JOSEPH
HUTCHESON; and REGINALD FORD,

      Defendants.

CIVIL ACTION NO.: 6:12-cv-99

Presently before the Court is Plaintiff Johnathan Heart Brown's Motions to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e). (Docs. 150, 153.) For the reasons set forth below, the Court **DENIES** Plaintiff's Motions to Alter or Amend. Moreover, Plaintiff's Motion for Order to Serve Documents on Plaintiff, (doc. 154), is **DENIED AS MOOT.**

## BACKGROUND

Plaintiff, who was formerly incarcerated at Georgia State Prison in Reidsville, Georgia, filed this cause of action pursuant to 42 U.S.C. § 1983 to contest certain conditions of his confinement. (Docs. 1, 6.) Plaintiff's Complaint, as amended, was served on Defendants Sergeant Ronnie Shuemake, Sergeant Joseph Hutcheson, and Lieutenant Reginald Ford ("Defendants") based on Plaintiff's assertions that Defendants violated his Eighth Amendment rights. (Doc. 19.) Specifically, Plaintiff contended that these Defendants failed to protect him from attack by his cell mates.

Defendants moved for summary judgment on all of Plaintiff's claims. (Doc. 134.) On July 21, 2015, the Magistrate Judge recommended that Defendants' Motion be granted and that

the Court dismiss all of Plaintiff's claims, including his claims for failure to protect, as well as any potential claims for failure to intervene. (Doc. 144.) On August 26, 2015, the Court, after conducting an independent and *de novo* review of the entire record, adopted the Magistrate Judge's Report and Recommendation, as supplemented therein, as the opinion of the Court and overruled Plaintiff's Objections. (Doc. 148.)

On September 8, 2015, Plaintiff filed a Motion to Alter or Amend the Court's Order asking that the Court reverse its grant of summary judgment and reinstate his claims. (Doc. 150.) On November 16, 2015, Plaintiff filed another Motion to Alter or Amend seeking the same relief. (Doc. 153.) Defendants have responded in opposition to both of Plaintiff's Motions. (Docs. 151, 155.)

## DISCUSSION

"The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted). "This prohibition includes arguments that were previously available, but not pressed." Id. (internal omitted); see also Longcrier v. HL-A Co., Inc., 595 F. Supp. 2d 1218, 1250 (S.D. Ala. 2009) (refusing to "indulge defendant's procedurally improper request for a 'do-over'").

A review of Plaintiff's Motions reveals that they contain nothing more than requests that the Court re-examine the previous unfavorable ruling granting Defendants' Motion for Summary Judgment. Plaintiff does not assert any newly-discovered evidence, and he fails to show that the

Court made a manifest error of law or fact. He complains that the Court considered whether he could pursue claims for failure to intervene and states that he never intended to pursue such claims. (Doc. 150, p. 2.) However, because Plaintiff was proceeding *pro se,* the Court was obligated to construe his Complaint liberally. Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). Furthermore, the Court conducted an in-depth analysis of Plaintiff's failure to protect claims in both the Report and Recommendation and in its final Order. (Docs. 144, 148.) Plaintiff raises no viable argument challenging those analyses.

Moreover, Plaintiff fails to show that he could not have previously presented the contentions contained in his instant Motions. In fact, Plaintiff made many of these same contentions in his response to the Defendants' Motion for Summary Judgment and in his Objections to the Magistrate Judge's Report and Recommendation. The Court already rejected these arguments and finds these arguments no more availing at this time.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motions to Alter or Amend the Judgment. The Court's August 26, 2015, Order remains the Order of the Court, and this case remains **CLOSED**. Because this matter remains closed, the Court **DENIES AS MOOT** Plaintiff's Motion for Order to Serve Documents on Plaintiff.

**SO ORDERED**, this ___8th___ day of February, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3